## Brennan's Estate.

*Trusts and trustees—Compensation—Real estate—Sale of real estate—Commissions.*

Where testamentary trustees have received their regular commissions, on the sale of real estate they are not entitled to an additional compensation based on the increase in value of the real estate above its assessment at the death of the testator, where this increase was only a reflex of the natural growth of city values.

Where trustees sell real estate free of encumbrances, and actually receive the amount of a mortgage, and immediately pay it over and satisfy the mortgage of record, they are entitled to commissions on the money thus passing through their hands.

. Counsel for a trustee is not entitled to receive a commission for effecting a sale of real estate, where no proofs are submitted that he contracted to act as agent, and his statement that he produced a purchaser is contradicted by one of the parties.

Where trustees take an assignment of a mortgage paying interest at the rate of five per cent and neglect to record the assignment for three years, and there is no legal proof of any reduction in the rate of interest, the trustees will not be permitted to say that the investment was only at the rate of four and four-tenths per cent.

Where counsel to trustees examines and supervises twelve annual accounts, and does other work, such as giving advice for investments, in the preparation of leases, and in the sale of real estate, an allowance of merely $200 for preparing the account and attending the audit, will be increased to a fee of $350 covering all services.

Argued March 22, 1906.    Appeals, Nos. 367, Jan. T., 1905, and No. 48, Jan. T., 1906, by John Muldoon et al., and by Clara V. Crouse et al., from decree of O. C. Phila. Co., July T., 1883, No. 83, dismissing exceptions to adjudication in Estate of William Brennan, deceased.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.    Affirmed.

Exceptions to adjudication.

ASHMAN, J., filed the following opinion :

Many if not most of the exceptions relate to the decision of the auditing judge upon matters which rested very largely on his discretion, and his rulings therein were, with one or two exceptions, noted below, vindicated by the evidence. The awards for commissions and compensation to accountants and counsel fees were of this character. Real estate owned by the decedent was a single property which the trustees sold for $80,000. Upon this gross sum in addition to the commission of two and one-half per cent which was allowed by the auditing judge, the accountants claimed as compensation $6,242.40. The basis of this claim was the increase in value of the property above its assessment at the death of the testator. This increase, however, was only a reflex of the natural growth of the city values during the period covered by the trust. The trustees were enabled by these conditions to lease advantageously and afterwards to sell the real estate, but the foresight and skill displayed in the transaction were not of a character to demand an extraordinary recompense, and were fairly measured by the auditing judge. The purchase price included the amount of a mortgage for $12,000. The property was sold free of encumbrances, and the accountants actually received the $12,000 from the mortgagor and immediately paid it over and satisfied the encumbrance of record. The case differs from Moore's Estate, 211 Pa. 343, where a ground rent was reserved out of the purchase money and the executors received only the balance. In the present case the accountants received the whole purchase money and were properly awarded commission on its sum. The exceptions to the ruling of the auditing judge on these points are dismissed. We think it was error to allow a commission to counsel for effecting, as he alleged, the sale of the real estate. No proofs were submitted that he contracted to act as agent and his statement that he produced a purchaser was contradicted by one of the parties. His relation to the estate was that of counsel for the accountants, and if this particular service was in the line of his professional duty it would be compensated by his professional fees. He could not claim as a real estate agent, because he had taken out no license as such and in the absence of a special contract could not recover broker's commission : Coles v. Meade, 5 Pa. Superior Ct. 334.

The exception to the allowance is sustained. The facts connected with the mortgage of $18,000 upon property at Ridge avenue and Mt. Vernon street are very obscurely brought out in the testimony. The trustees made a loan in that amount, it was said, upon a promissory note and accepted as collateral security the mortgage in question, one of the assignors being the counsel for the estate, who was an executor under the will of Powell, deceased. The assignment was dated April 8, 1902, but was not recorded until April 17, 1905. Mortgage bore interest at five per cent, but the accountants debited themselves with four and four-tenths per cent. It was stated by counsel upon explanation, that the investment was made at the lower rate. The only proof of an investment, however, was the assignment of the mortgage, and it fixed the income at five per cent. The three years' delay in recording and the failure to furnish any legal proof of a reduction in the rate of interest, were very serious indications of neglect on the part of the trustees. They will be surcharged in the sum of $337.50, being six-tenths per cent interest up to the date on which the mortgage was paid off. The exception on this point is sustained. The auditing judge considered with great care the subject of the accountants' commission, as trustees. As a result he allowed them, in addition to the ordinary rate on income, three per cent on the principal of the ground rent of $700 and two and one-half per cent on the proceeds of sale of real estate. The award was based on the period of twenty years' services by accountants, and we think was reasonable. Exception taken thereto is dismissed. In addition to the twelve annual accounts which he examined and supervised for the information of the parties in interest and for which he appears to have been paid in all $300, counsel rendered other service during the course of the administration of the trust. These he detailed in some length at the audit. The trustees sought his advice in the investments of the trust fund, in the preparation of leases and in the sale of the real estate, for which sale he obtained the leave of the court. The auditing judge awarded $200 for preparing the account and attending the audit and rejected his claim as to the balance. We think that the counsel is fairly entitled to a fee of $350 for general services to the estate, and to that extent we sustain his exception, and award

the said sum in lieu of the allowance made by the auditing judge. The remaining exceptions to the adjudication are dismissed. Counsel will prepare a decree in conformity hereto.

*Error assigned* was in dismissing exceptions to adjudication.

*John F. Gorman*, with him *William Gorman*, for John Muldoon et al.

*William F. Brennan* and *Horace M. Rumsey*, for Clara V. Crouse et al.

PER CURIAM, May 14, 1906 :
Decree affirmed on the opinion of the court below.