## In re Steed et ux.

*Russell J. Brownback*, for accountant.

*Isaac C. Sutton* and *Louis M. Childs, 2d*, for exceptants.

DANNEHOWER, J., July 10, 1940.—This matter arises on exceptions filed to an account of the trustee of an inter vivos trust. . . .

The remaining item of a commission of $550, which is stated as $500 in the exceptions, represents exceptants' objection to a real estate commission paid by the Bryn Mawr Trust Company, as trustee, to the Bryn Mawr

Trust Company in its corporate capacity for effecting the sale of premises 918 Old Lancaster Road, Bryn Mawr, Pa., which constituted the entire corpus of the trust under the trust indenture dated November 4, 1921, set forth as exhibit A in the stipulation filed, and wherein Frederick B. Steed and Kathryn Steed are the settlors and the Bryn Mawr Trust Company is the trustee. The said trust agreement contained no provision for the sale of the said real estate.

The stipulation filed recites that, subsequent to September 30, 1921, and prior to May 15, 1922, the Bryn Mawr Trust Company at the special instance and request of the settlors, Frederick B. Steed and Kathryn Steed, and of the attorney of Kathryn Steed, C. Townley Larzelere, sought to procure a purchaser for said premises, and solely as a result of its efforts it did procure and produce one Morris J. Cohen as a prospective purchaser thereof. On May 15, 1922, the Bryn Mawr Trust Company, as agent and trustee in the Steed Estate, entered into a written agreement with Morris J. Cohen for the sale of said premises at a price satisfactory to all the parties in interest in said trust, subject to the approval of the Court of Common Pleas of Montgomery County. On June 5, 1922, the said court, on the petition of the Bryn Mawr Trust Company, as trustee, Frederick B. Steed and Kathryn Steed, settlors, and W. L. H. Bergen, guardian ad litem for Ruth Forrester Steed, now Ruth Forrester Hale, the minor remainderman, entered a decree authorizing the trustee to convey the said premises for the consideration set forth in the petition. At the settlement, there were present the guardian ad litem and Kathryn Steed in her own right and as attorney-in-fact for Frederick B. Steed. The guardian ad litem approved the settlement which included a $550 real estate commission to the Bryn Mawr Trust Company. Kathryn B. Steed made no objection then to the commission. She testified that she received a copy of the settlement sheet; that she noted there was a broker's commission to the Bryn Mawr Trust Com-

pany of $550, and when asked "What if any protest did you make about that charge?" answered, "I called Mr. Larzelere in Norristown as he was handling my affairs and spoke to him about it, and he said that that was their usual commission, and I said no more." The commission was four percent of the purchase price.

The reason now advanced in support of the exception is that accountant is not entitled, in addition to its trustee's commission, to a broker's commission for the sale of the trust real estate. Brennan's Estate, 215 Pa. 272 (1906), the only case cited by exceptants in support of this objection, is not helpful, since it relates to counsel for the trustee charging a broker's commission, and not the trustee seeking extra compensation. Also, in the cited case the proofs failed to establish that the sale was made as claimed by the attorney.

On this point, A. L. I. Restatement of Trusts §242, comment (d), states:

"In the absence of a statute providing a definite rule fixing the amount of the trustee's compensation, a trustee who renders professional or other services not usually rendered by trustees in the administration of the trust, as for example services as attorney or as real estate agent, may be awarded extra compensation for such services. In fixing the amount of such compensation the court will allow an amount which under all the circumstances it considers to represent the fair value of the services." See Griffith's Estate, 96 Pa. Superior Ct. 242.

In the instant case the services rendered by the trustee in selling the real estate were clearly extra services undertaken only at the instance of the settlors and with the approval of the court and the guardian ad litem for the remainderman. Such services were not contemplated by the trust agreement. The commission charged is the usual one for the service performed, was approved by the guardian ad litem, and was not objected to by Kathryn Steed at the settlement nor later after she consulted her then attorney. Under these circumstances, the commis-

sion represents the fair value of the services, and the objection should be dismissed.

And now, July 10, 1940, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. The two exceptions filed by Kathryn Steed and Ruth Forrester Hale on September 8, 1939, to the account of the Bryn Mawr Trust Company, as trustee, filed on July 12, 1939, are dismissed, the account is confirmed absolutely, and an exception is allowed.